1  **KILPATRICK TOWNSEND & STOCKTON LLP**

2  Dennis Wilson (SBN 155407)
   dwilson@kilpatricktownsend.com
3  Christopher T. Varas (SBN 257080)
   cvaras@kilpatricktownsend.com
4  9720 Wilshire Boulevard PH
5  Beverly Hills, CA 90212
   Telephone: 310-777-3740
6

7  Joseph Petersen (SBN 304597)
   jpetersen@kilpatricktownsend.com
8  1080 Marsh Road
   Menlo Park, CA 94025
9  Telephone: 650-326-2400

10
   *Attorneys for Defendants*
11  COX ENTERPRISES, INC. and
    COX MEDIA GROUP, LLC
12

13              **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15                        **WESTERN DIVISION**

| | |
|---|---|
| 16  BRAND TECHNOLOGIES, INC., | Case No.: 2:16-cv-05038-AB(JEMx) |
| 17         Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT** |
| 18         v. | |
| 19  COX ENTERPRISES, INC., COX MEDIA GROUP, LLC, VERIZON COMMUNICATIONS, INC., VERIZON DIGITAL MEDIA SERVICES, INC. f/k/a STREAMCAST NETWORKS, INC., AOL, INC., 5 MINUTES LLC, BRIGHTCOVE, INC., and DOES 1 through 10, inclusive, | Date:     October 17, 2016<br>Time:     10:00 a.m.<br>Judge:    Hon. André Birotte, Jr.<br>Place:    Courtroom 4, 2nd Floor<br>          United States Courthouse,<br>          312 N. Spring St.<br>          Los Angeles, CA  90012, |
| 24         Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL
MOTION TO DISMISS COMPLAINT**
CASE NO. 2:16-CV-05038-AB(JEMx)

Defendants Cox Enterprises, Inc. and Cox Media Group, LLC (collectively "Cox") respectfully submit this memorandum of points and authorities in support of their motion to dismiss the Lanham Act and state-law claims asserted by Plaintiff Brand Technologies, Inc. ("Brand") against Cox in its Complaint in the above-captioned case.

## I.   INTRODUCTION

At its core, this is a copyright case. Brand alleges that Cox directly and indirectly infringed Brand's claimed exclusive right to reproduce and publicly perform certain copyrighted works. Cox disputes these allegations, but even if they were true (which Cox assumes for purposes of this motion only), Brand has stated nothing more than a copyright claim. Brand's Lanham Act and state-law unfair competition claims, which are based on the same allegations but are repackaged as alternative theories by reciting the elements of those claims, should be dismissed.

Brand's Lanham Act and California unfair competition claims are precluded under the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). Courts, including those in the Ninth Circuit, have interpreted *Dastar* broadly to preclude Lanham Act claims premised upon the mere incorporation of a mark into a copyrighted work. Brand contends that Cox is liable for federal and state trademark and unfair competition claims because Brand's marks appear within the content of the videos Cox allegedly infringed. As explained in *Dastar* and subsequent federal court decisions, however, these allegations fall within the exclusive purview of copyright law.

## II.   BACKGROUND

Brand has alleged that it is a "creator and publisher of original web content through an owned and operated network of branded websites" including "Gossip Center Network", "Fashion First Media", "Global Food Media" and "ExtremeFitness." (Dkt. No. 1 ("Complaint"), ¶ 23.) Brand alleges that it owns the copyright in 545 short-form videos that have been released under these brands (the

"Videos"). (*Id.* at ¶ 57.) The Videos allegedly contain protected creative content owned by Brand, including one or more of Brand's trademarks embedded within the content of the Videos. (*See, e.g., id.* at ¶¶ 29, 64, 65). According to Brand, the Videos were previously made available to consumers primarily through a licensing agreement between Brand on the one hand and defendants 5 Minutes LLC and its parent AOL on the other. (*Id.* at ¶¶ 30-33.) That agreement ended on April 7, 2015. (*Id.* at ¶ 34.)

Brand alleges that the Videos, including the embedded marks, have remained playable on websites owned by Cox without authorization from Brand. (Complaint, ¶ 100.) Brand has sued Cox and other defendants, alleging violations of the Copyright Act, the Lanham Act and California statutory and common law unfair competition law. (Complaint, ¶¶ 449-552.) The only alleged basis for Brand's Lanham Act and unfair competition claims is the fact that its embedded marks appear within the content of the Videos any time the Videos are played. (*Id.*, ¶¶ 46, 64, 65, 69, 73, 77, 81, 85, 89, 117, 119, 121, 534, 537-39, 545-48.)

## III.   ARGUMENT

"[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal quotation marks and citation omitted). A mere "formulaic recitation of the elements" is insufficient to survive a motion to dismiss. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("Rule 8 does not empower respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss."); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (noting that "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (citation omitted).

## A. Brand's Lanham Act Claims Are Barred by the Supreme Court's Decision in *Dastar*.

Brand's Lanham Act claims are based entirely upon the allegation that its trademarks are embedded within the content of the Videos, and therefore appear when the Videos are streamed. (Complaint, ¶¶ 104-121; 516-532.) These allegations do not give rise to any valid Lanham Act claim because trademark-based claims in this context are precluded by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

In *Dastar*, the Supreme Court stated that "in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright." 539 U.S. at 34 (quoting *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001)). Dastar had purchased copies of the *Crusade in Europe* television programs—which had fallen into the public domain due to the expiration of their copyrights—and it sold edited versions of the programs in a video set under its own name. *Id.* at 26-27. Twentieth Century Fox argued that Dastar's sale of the video set without giving proper credit to the original television series constituted reverse passing off under Section 43(a) of the Lanham Act. *Id.* at 27-28. The Supreme Court summarily rejected this argument:

> [A]s used in the Lanham Act, the phrase "origin of goods" is in our view incapable of connoting the person or entity that originated the ideas or communications that "goods" embody or contain. Such an extension would not only stretch the text, but it would be out of accord with the history and purpose of the Lanham Act and inconsistent with precedent.

*Id.* at 32. Rather, the Court concluded, the phrase "origin of goods" refers to *tangible* goods and not "communicative products." *Id.* at 33. *Dastar* "defeat[s] the claims of creative plaintiffs who attempt to dress in other garb what is at base a claim for

copying their expression." 1 Melvin B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01 [D][2] (2014).

One of the Supreme Court's primary concerns in *Dastar* was the interplay between trademark rights (which can be perpetual) and copyrights (which must expire). The Court discussed this tension in detail, concluding "Assuming for the sake of argument that Dastar's representation of itself as the 'Producer' of its videos amounted to a representation that it originated the creative work conveyed by the videos, allowing a cause of action under § 43(a) for that representation would create a species of mutant copyright law that limits the public's federal right to copy and to use expired copyrights."  539 U.S. at 34.

Although *Dastar* concerned a "passing off" claim based on the defendant's removal of the plaintiffs' marks, the Court made clear that permitting Lanham Act claims based on the *failure* to remove the plaintiff's marks from a creative work such as a video would be equally impermissible. *Id*. at 36.  That makes sense because in both scenarios, permitting claims based on alleged confusion as to the source of the creative content would open the door to the perpetual "mutant copyright law" the *Dastar* decision was intended to foreclose.

The Seventh Circuit recently analyzed the impermissibility of Lanham Act claims under *Dastar* when, as here, the plaintiff's mark "is embedded in the good's creative content[.]" *Phoenix Entm't Partners v. Rumsey*, No. 15-2844, 2016 WL 3924347, at *5 (7th Cir. July 21, 2016). In that case, the defendant had allegedly created and publicly performed unauthorized digital copies of karaoke tracks, including accompanying videos in which the plaintiff (which also did business under the name "Slep-Tone") had embedded its SOUND CHOICE trademark. The plaintiff did not own the copyright in the tracks so it sued for trademark and trade dress infringement. *Id*. at *4.  The district court dismissed the plaintiff's Lanham Act claims under *Dastar*.  The Court of Appeal conducted a detailed analysis and affirmed, ruling that the plaintiff's Lanham Act claim failed as a matter of law under

*Dastar*. The court concluded its analysis with an explanation that is directly on point with respect to this case:

> That the Sound Choice mark is embedded in the creative content of the karaoke track and is visible to the public whenever the track is played does not falsely suggest that Slep-Tone is endorsing the performance, as the plaintiffs have alleged. The producers of communicative goods often embed their marks not only on the packaging of the good but in its content. Cinematic films, for example, typically display the mark of the studio that made the film in the opening and/or closing credits—think of Metro-Goldwyn-Mayer Studios' roaring lion. When the copyright on such a creative work expires, enabling any member of the public to copy and use the work without license, it is not a trademark violation simply to display the work without first deleting the mark that was inserted into its content. … Because the creative content of the karaoke tracks at issue in this case presumably remains subject to copyright protection, the unauthorized display and performance of those tracks may well present an actionable claim of copyright violation, as we have said. **But the routine display of Slep–Tone's embedded trademark during the performance of the tracks does not, without more, support a claim of trademark infringement or unfair competition under the Lanham Act.**

*Phoenix Entm't Partners,* 2016 WL 3924347 at *9 (emphasis added). A District Court in Oregon recently reached the same conclusion in a similar case filed by the same plaintiff. *See Slep-Tone Entm't Corp. v. Canton Phoenix Inc.*, No. 3:14-CV-764-PK, 2014 WL 5824787, at *11 (D. Or. Sept. 4, 2014), report and recommendation adopted as modified, No. 3:14-CV-00764-PK, 2014 WL 5817903 (D. Or. Nov. 7, 2014) *appeal pending* (9th Cir.) (No. 14-36018).

The Seventh Circuit's analysis in *Phoenix* was significantly more complicated than is required here. The plaintiff in that case alleged that the defendants had created and copied completely new digital files displaying the plaintiff's mark from one hard drive to another, requiring the Seventh Circuit to closely examine *Dastar's* application when allegedly infringing digital files are transferred between physical media. *Phoenix Entm't Partners,* 2016 WL 3924347 at *2, *6-9. While it is notable that the Seventh Circuit ruled *Dastar* precluded Lanham Act claims even when digital files containing the plaintiff's embedded marks are copied from one physical drive to another, this Court does not need to examine that complicating issue because in this case Brand has simply alleged that the defendants have continued to permit access to Brand's *original* video files after their authorization to provide such access ended. *See* Complaint, ¶ 6 ("But instead of returning, deleting, or otherwise cutting off access to Brand's videos, AOL actively enabled unlicensed access to Brand's videos by Cox and Brightcove." (emphasis omitted).

Brand's Lanham Act claims in this case fail under a straightforward application of *Dastar*. Brand has alleged that it embedded its marks within the content of the Videos, and therefore every alleged reproduction or public performance of the Videos infringes *both* its copyright and trademark rights. Brand does not allege that Cox (or any of the other defendants) used Brand's marks in any other way. To the contrary, Brand explicitly alleges that its marks are infringed because "Each of the . . . Brand Registered Works prominently displays" the marks within their content. (Complaint, ¶¶ 117, 119, 121.) In other words, Brand contends that its trademark rights would preclude Cox from reproducing or publicly performing the Videos with the embedded marks even if the Videos were in the public domain. That is precisely what the Supreme Court forbade in *Dastar*. There is no reason for this Court to analyze *Dastar* any differently than did the Seventh Circuit.[1] The mere presence of Brand's

---

[1] A 2012 decision by a court in the District of Nevada reached the opposite conclusion in a case involving illicit live streaming of Ultimate Fighting

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL
MOTION TO DISMISS COMPLAINT
CASE NO. 2:16-CV-05038-AB(JEMx)                                                                    - 6 -

embedded marks within the content of the Videos is insufficient as a matter of law to support a Lanham Act claim, and this Court should dismiss Counts V and VI of Brand's complaint with prejudice.

### B. Brand's State-Law Unfair Competition Claims Fail Under *Dastar* and Ninth Circuit Preemption Law.

Brand's claims against Cox for common law and statutory unfair competition under California law (Counts VII and VIII) fail to state a viable legal theory because they are entirely duplicative of Brand's invalid Lanham Act claims, and are preempted by the Copyright Act. The only allegations supporting these two counts are the allegations that Brand's marks are embedded within the content of the Videos and appear whenever the Videos are played. (*See* Complaint, ¶¶ 534, 537-39, 545-48.) Insofar as the *Dastar* decision bars Brand's Lanham Act claims, it also bars the state law unfair competition claims based on the same alleged facts. The *Dastar* District Court explained this outcome following the Supreme Court's decision. On what the court deemed a motion for reconsideration as to the plaintiff's California unfair competition claims, the District Court emphasized well-established Ninth Circuit law that California unfair competition claims are "'substantially congruent' to claims brought under the Lanham Act, because the ultimate test under both is whether the public is likely to be deceived or confused." *Twentieth Century Fox Film Corp. v. Dastar Corp.*, No. CV98-07189FMC(EX), 2003 WL 22669587, at *2 (C.D. Cal. Oct. 14, 2003) (quoting *Cleary v. News Corp.*, 30 F.3d 1255, 1262–1263 (9th Cir. 1994)).

The court correctly ruled that the Supreme Court's decision foreclosed both

---

Championshpip pay-per-view telecasts. In *Zuffa, LLC v. Justin.tv, Inc.*, 838 F.Supp.2d 1102, 1105 (D. Nev. 2012), the court assumed, with no meaningful analysis, that a pre-*Dastar* decision permitting the plaintiff to pursue Lanham Act claims based on marks embedded in its copyrighted videogames remained good law. The Seventh Circuit's detailed analysis in *Phoenix* confirms that the *Zuffa* court's assumption and cursory reasoning were incorrect.

claims explicitly asserted under the Lanham Act and substantially congruent claims asserted under state law. "The Supreme Court's finding that Defendants' actions were not misleading under the Lanham Act controls the resolution of their California unfair competition claim. As with their Lanham Act claim, Plaintiffs cannot prevail on their California unfair competition claim." *Twentieth Century Fox*, 2003 WL 22669587, at *5; *see also Lions Gate Entm't Inc. v. TD Ameritrade Servs. Co., Inc.*, No. CV 15-05024 DDP (EX), 2016 WL 1027998, at *13 (C.D. Cal. Mar. 14, 2016), <u>on reconsideration in part sub nom</u>. *Lions Gate Entm't Inc. v. TD Ameritrade Holding Corporation*, No. CV 15-05024 DDP (EX), 2016 WL 4134495 (C.D. Cal. Aug. 1, 2016) (same). There is no reason for this Court to reach a different conclusion here.

      A straightforward application of the Ninth Circuit's preemption analysis confirms that Brand's California unfair competition claims cannot survive. Section 301 of the Copyright Act governs express preemption of state-law claims:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). "The intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works coming within the scope of the Federal copyright law." H.R. Rep. No. 94-1476, at 130 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5746; *see also Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006).

The Ninth Circuit applies a two-part test to determine if a state-law claim is preempted: "First, the rights that a plaintiff asserts under state law must be rights that are equivalent to those protected by the Copyright Act. Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (internal quotations and citations omitted) (unfair competition claim preempted).

The "subject matter" element is plainly satisfied for each of Brand's state-law claims because all of the state law claims against Cox rest on the allegation of unauthorized reproduction and public performance of the Videos. (*See* Complaint, ¶¶ 534, 537-39, 545-48.) Videos, as audiovisual works, are clearly within the subject matter of copyright. See 17 U.S.C. § 102(a)(6) (defining audiovisual works as within the subject matter of copyright).

As to the "equivalent rights" element, the Ninth Circuit requires that "[t]o survive preemption, the state cause of action must protect rights which are *qualitatively different* from the copyright rights." *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (emphasis added and citation omitted) (affirming dismissal of unfair competition and unjust enrichment claims as preempted), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also* 6 William F. Patry, *Patry on Copyrights* § 18:19 (2016) (noting that "the state elements must change the very nature of the cause of action, and not merely tinker with the scope of the remedy or right"). The Court must "engage in a fact-specific inquiry into the actual allegations underlying the claims at issue in the case, so as to determine whether the 'gravamen' of the state-law claim asserted is the same as the rights protected by the Copyright Act." *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1190 (C.D. Cal. 2001).

In this case that inquiry is simple because Brand has not supported Counts VII or VIII with any allegations other than the allegations at the heart of its copyright claims. These claims must therefore be dismissed as preempted by the Copyright Act.

"Under standard state and common-law preemption analysis from the Ninth Circuit, the state and common-law claims alleged here are preempted by copyright law because the same rights are asserted in these causes of action as are asserted in the copyright infringement cause of action, namely reproduction and distribution of the copyrighted work and preparation of a derivative work." *Lions Gate*, 2016 WL 1027998, at *13; *see also Kodadek*, 152 F.3d at 1212 (unfair competition claim preempted where the claim was "based solely on rights equivalent to those protected by the federal copyright laws").

## IV. CONCLUSION

For the foregoing reasons, Brand's Lanham Act and California unfair competition claims against Cox should be dismissed with prejudice.

DATED: September 8, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dennis Wilson*
Dennis Wilson
*Attorney for Defendants*
COX ENTERPRISES, INC. AND
COX MEDIA GROUP, LLC