Matt Olavi (Bar No. 265945)
  molavi@olavidunne.com
Brian J. Dunne (Bar No. 275689)
  bdunne@olavidunne.com
Douglas W. Meier (admitted *pro hac vice*)
  dmeier@olavidunne.com
**OLAVI DUNNE LLP**
816 Congress Avenue, Suite 1620
Austin, TX 78701
Telephone: (512) 717-4485
Fascimile: (512) 717-4495

Tyler J. Woods (Bar No. 232464)
  twoods@pacifictrialgroup.com
**PACIFIC TRIAL GROUP**
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Telephone: 949-706-6464
Facsimile: 949-706-6469

*Attorneys for Plaintiff Brand Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> COX MEDIA GROUP, LLC, AOL, INC., VERIZON DIGITAL MEDIA SERVICES, INC., 5 MINUTES LLC, and BRIGHTCOVE, INC., <br><br> Defendants. | Case No. 2:16-cv-05038-AB-JEM <br><br> **PLAINTIFF BRAND TECHNOLOGIES, INC.'S *EX PARTE* APPLICATION FOR A 14-DAY EXTENSION TO FILE A SECOND AMENDED COMPLAINT** <br><br> Discovery Cut-Off: July 14, 2017 <br> Pretrial Conference: January 29, 2018 <br> Trial Date: February 27, 2018 <br><br> Current SAC Due Date: Jan. 5, 2017 <br> Requested SAC Due Date: Jan. 19, 2017 |

Pursuant to the Court's Standing Procedures and *Local Rule* 7-19, Plaintiff Brand Technologies, Inc. ("Brand") hereby applies to the Court *ex parte* for a 14-day extension to file a Second Amended Complaint in this action.

As required by *Local Rule* 7-19, the names, addresses, telephone numbers, and email addresses for Defendants Cox Media Group, LLC; AOL Inc.; Verizon Digital Media Services, Inc.; 5 Minutes LLC; and Brightcove, Inc.'s attorneys are included in the certificate of service at the end of this Application.  Additionally, pursuant to *Local Rule* 7-19.1, Plaintiff has made a good faith effort to notify Defendants of this application. Counsel for the Plaintiff spoke with Counsel for Defendants on Sunday, January 8th, 2017; Monday, January 9th, 2017; Tuesday, January 10th, 2017; and Wednesday, January 11th, 2017 to discuss the form and substance of this *ex parte* application and to discuss whether Defendants intended to oppose the application.  Olavi Decl., ¶¶ 8-13.  During the discussion on Wednesday, January 11th, Defendants' counsel indicated that the Defendants do not intend to oppose this application.  Olavi Decl., ¶ 13.  Finally, although Defendants have indicated that they do not intend to oppose this application, as required by the Court's Standing Procedures, Defendants' attorney was notified that opposition papers must be filed no later than 24 hours (or one court day) following service of this *ex parte* application. Olavi Decl., ¶ 11.

### Introduction and Reasons for Seeking Ex Parte Relief

In its December 6, 2016 Order Granting Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint, the Court granted Plaintiff an opportunity "to cure the FAC's deficiencies by filing a Second Amended Complaint within thirty (30) days of the issuance of this order."  Order Granting Motion to Dismiss, Dkt. No. 79, at 14 (December 6, 2016).  Plaintiff understood that its Second Amended Complaint was due on Thursday, January 5, 2017, and Plaintiff diligently followed up with its outside counsel to ensure that the Second Amended Complaint would be completed and filed on time.  For reasons explained herein and in the Declaration of Matt Olavi in support hereof, the Second Amended Complaint was not filed within the time provided by the Court.

Plaintiff's *ex parte* application is brought on the ground that Plaintiff's failure to timely file a Second Amended Complaint was the result of excusable neglect due to unexpected and unforeseen personal issues affecting one of its counsel. Plaintiff was diligent and should not be punished for circumstances outside of its control.

Plaintiff is requesting this relief on an *ex parte* basis because the issues discussed herein are time-sensitive and must be raised with the Court immediately to prevent any unfair and undue prejudice to Plaintiff's rights. Plaintiff's counsel believed that an *ex parte* application was the most appropriate vehicle for Plaintiff's request that was available under the circumstances.[1] Good Cause exists for *ex parte* relief because Plaintiff has diligently pursued its claims in this action, the circumstances necessitating relief were outside of Plaintiff's control, and Plaintiff's requested relief will not substantially prejudice the Defendants or alter the progress of the litigation.

This application is based on this notice, the memorandum of points and authorities submitted herewith, the attached Declaration of Matt Olavi, and any other documents and testimony that may come before the court.

## Memorandum of Points and Authorities

### I. GOOD CAUSE EXISTS TO GRANT PLAINTIFF ADDITIONAL TIME TO FILE ITS SECOND AMENDED COMPLAINT

Under the Federal Rules of Civil Procedure, "[w]hen an act...must be done within a specified time, the court may, for good cause extend the time...on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). This rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id*. at 1259. "To determine whether a party's

---

[1] Although Defendants indicated that they do not intend to oppose Brand's request for a 14-day extension to file a Second Amended Complaint, they did not believe that a Joint Stipulation was the appropriate vehicle for the request. Olavi Decl., ¶¶ 10, 13.

failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. at 1261.  Considering each of these factors, Plaintiff believes that good cause exists to grant its application for an additional 14-days to file its Second Amended Complaint.

### 1. THERE IS LITTLE DANGER OF PREJUDICE TO THE DEFENDANTS BY THE REQUESTED EXTENSION

The first factor of the 9th Circuit's 4-part test – the danger of prejudice to the opposing party – strongly favors the granting of Plaintiff's *ex parte* application.  In the instant *ex parte* application, Plaintiff seeks a 14-day extension to file its Second Amended Complaint, and this relatively-small extension should not cause any meaningful prejudice to the Defendants in this action.

First, the Second Amended Complaint will not include any new legal claims.  Rather, it will include the same legal claims as the FAC, which has been on file since September 22, 2016.  *See* FAC, Dkt. No. 46.  Accordingly, there is no danger that Defendants will be prejudiced by the introduction of any new legal theories in the Second Amended Complaint.

In addition, the causes of action currently at issue in the litigation (i.e., the copyright infringement claims I-III from the FAC) are premised upon the same underlying facts as the previously-dismissed causes of action from the FAC that Brand intends to re-plead.  For example, facts regarding the contractual relationships between the various parties; facts regarding how, when, and where Brand's short-form videos came to be displayed, used, and/or stored on Defendants' platforms/websites; facts regarding how, if at all, each Defendant modified Brand's short-form videos; and facts regarding Defendants' revenue and expenses from the exploitation of Brand's short-form videos are all applicable to this litigation regardless of whether Brand's DMCA, Lanham Act, or State Law claims are reintroduced in the Second Amended Complaint.  Accordingly, any investigation or

discovery performed by the Defendants during the proposed 14-day extension will be relevant and should not cause Defendants any prejudice.

Finally, there is little danger of prejudice to the Defendants because this litigation is still in its infancy.  The last day to add parties or amend pleadings is March 2, 2017, the current close of fact discovery is July 14, 2017, and the last day to hear summary judgment motions is October 30, 2017, (January 5, 2017 Order re Jury Trial, Dkt. No. 86, at 2), so there is still more than enough time for both sides to investigate the facts, seek discovery of relevant facts, and move for summary judgment.

Accordingly, given the stage of the litigation, the overlapping factual issues, and the lack of any new or unexpected causes of action, granting Plaintiff's application poses little risk of prejudice to the Defendants.  Thus, this factor favors the granting of Plaintiff's application.

### 2. THE REQUESTED 14-DAY EXTENSION IS RELATIVELY SHORT, AND UNLIKELY TO HAVE ANY IMPACT ON THE PROCEEDINGS

The second factor of the 9th Circuit's 4-part test – the length of the delay and its potential impact on the proceedings – also strongly favors the granting of Plaintiff's *ex parte* application.  Here, Plaintiff seeks a relatively short 14-day extension, and courts have consistently found that substantially longer delays can be excusable. *See, e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-1225 (9th Cir. 2000) (finding a delay of over a month "not long enough to justify denying relief" where "[Plaintiff's] counsel had left the country before filing an opposition to the Postal Service's summary judgment motion, allowed the deadline to pass while abroad, failed to file any motions for extensions of time, and failed to contact the district court for sixteen days after he returned because of 'jet lag and the time it took to sort through the mail.'").

In addition, as discussed more thoroughly above, the requested 14-day extension is unlikely to have any significant impact on the proceedings because the litigation is still in its infancy, discovery has just opened, and summary judgment briefing is over 10-months away.  Accordingly, this factor also favors the granting of Plaintiff's *ex parte* application.

### 3. FACTORS OUTSIDE OF PLAINTIFF'S CONTROL CAUSED THE DELAY

The next factor of the 9th Circuit's 4-part test – the reason for the delay – favors the granting of Plaintiff's *ex parte* application as well. On December 6, 2016, the Court issued its Order Granting Defendants' Motion to Dismiss the FAC, in which the Court granted Plaintiff an opportunity "to cure the FAC's deficiencies by filing a Second Amended Complaint within thirty (30) days of the issuance of this order." Order Granting Motion to Dismiss, Dkt. No. 79, at 14 (December 6, 2016). Plaintiff and one of its principal attorneys immediately began discussing and strategizing how to amend the pleadings in order to bring them in line with the Court's Order. Olavi Decl., ¶ 2. Plaintiff maintained constant communication with the attorney, regularly calling and emailing to discuss the progress and direction of the Second Amended Complaint. Olavi Decl., ¶ 3. Other attorneys within the law firm representing the Plaintiff also regularly discussed the Second Amended Complaint with the attorney, inquiring about its progress and offering assistance with its preparation. Olavi Decl., ¶ 4. In these discussions, both the Plaintiff and remainder of its outside counsel were assured that the Second Amended Complaint was in progress and would be completed prior to the deadline. Olavi Decl., ¶ 5. It was not apparent that anything was wrong until the morning after the January 5, 2016 deadline had elapsed, at which time the Second Amended Complaint had not been filed. Olavi Decl., ¶ 6. Further investigation revealed that the attorney was dealing with a personal issue that was impeding the attorney's ability to complete the Second Amended Complaint. Olavi Decl., ¶ 7. In addition, the attorney's reluctance to disclose to others the existence of the personal issue or its effects prevented the attorney from reaching out for help. Olavi Decl., ¶ 7.

The reason for the delay in this instance is potent and far more compelling than the reasons cited in other decisions finding that the delay was excusable. *See, e.g.*, *Bateman*, 231 F.3d at 1225 (finding nearly one-month delay was excusable where counsel's reasons for his delay were "recovery from jet lag and the time it took to sort through the mail that had accumulated while he was away"); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753

(9th Cir. 2002) (finding a five-week delay in retaining new counsel and responding to discovery requests was excusable where Plaintiff was in the process of a divorce and moving). Accordingly, this factor also favors the granting of Plaintiff's application.

### 4. PLAINTIFF HAS ACTED IN GOOD FAITH

The final factor of the 9th Circuit's test for excusable neglect – whether the movant acted in good faith – also favors the granting of Plaintiff's application.

Here, Plaintiff has been very diligent in pursuing its claims. As soon as Plaintiff discovered that its intellectual property was being infringed, it performed an extensive pre-filing investigation, dedicating thousands of man-hours to investigating the infringement and identifying the culpable parties. In addition, since the filing of the Complaint, Plaintiff has actively monitored the progress of the litigation, participated in strategy decisions, and promptly responded to requests from counsel. Moreover, both Plaintiff and its counsel have conducted themselves in a respectful manner, accommodated opposing counsel whenever possible, maintained an open dialogue regarding potential resolution of the litigation, and worked diligently to reach compromises with Defendants to avoid the need for intervention by the Court.[2]

The mistake necessitating this *ex parte* application was not driven by malice, deviousness, or willfulness, and there is simply no evidence that either Plaintiff or its counsel has acted with anything less than good faith. Accordingly, the final factor also favors the granting of Plaintiff's application.

///
///
///
///
///

---

[2] *See, e.g.*, Schedule of Pretrial and Trial Dates Worksheet, Dkt. No. 82-1, at 2 (demonstrating Plaintiff's and Defendants' cooperation in reaching an agreed pretrial and trial schedule).

6
**PLAINTIFF BRAND TECHNOLOGIES, INC.'S EX PARTE APPLICATION FOR
A 14-DAY EXTENSION TO FILE A SECOND-AMENDED COMPLAINT**

## Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's *ex parte* application for an additional 14-days to file a Second Amended Complaint in this action.

Dated: January 11, 2017        **OLAVI DUNNE LLP**

By: /s/ *Matt Olavi*

Matt Olavi
Attorneys for Plaintiff,
Brand Technologies, Inc.

## PROOF OF SERVICE

I, Matt Olavi, declare as follows:

I am a citizen of the United States, employed in Travis County, State of Texas. I am over the age of 18 and not a party to this action. My business address is: 816 Congress Avenue, Suite 1620, Austin, TX 78701.

On January 11, 2017, I caused the foregoing document to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| JENNIFER A. GOLINVEAUX<br>jgolinveaux@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111-5840<br>Telephone: (415) 591-1000 | VIVIAN S. KUO<br>vkuo@winston.com<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006-3817<br>Telephone: (202) 282-5000 |

[X]  by the court's electronic filing system. I am familiar with the U.S. District Court, Central District of California's practice for collecting and processing electronic filings. Under the practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in this case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

[XX ]  (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of mjung@pacifictrialattorneys.com the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

I declare that I am a member of the Bar of this Court and declare under penalty of perjury under the laws of the State of California and the State of Texas that the above is true and correct. Executed on January 11, 2017, at Austin, Texas.

*/s/ Matt Olavi*
Matt Olavi

**PLAINTIFF BRAND TECHNOLOGIES, INC.'S EX PARTE APPLICATION FOR A 14-DAY EXTENSION TO FILE A SECOND-AMENDED COMPLAINT**